```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

**FRANK CAPLE,**
          **Plaintiff**

      **v.**

**SCRANTON POLICE UNKNOWN POLICE OFFICERS TO BE NAMED (in their individual and official capacities); ELAINE DELORENZO (in her official and individual capacity); PATRICK GERRITY (in his official and individual capacity); and VINCE UHER (in his official and individual capacity),**
          **Defendants**

**No. 3:09cv1283**

**(Judge Munley)**

## **MEMORANDUM**

    Before the court for disposition is the defendants' motion to dismiss the instant civil rights case for failure to state a claim. The matter has been briefed and is ripe for disposition.

**Background**

    Officers of the Scranton Police Department arrested Plaintiff Frank Caple on August 1, 2007, at his apartment. (Doc. 21, Amended Complaint at 2). Plaintiff asserts that the arresting officers used unreasonable force in the arrest and that the police searched his apartment without a warrant. (Id.) Officials charged plaintiff with five (5) counts of terroristic threats. (Id.) Plaintiff avers that the arrest and search were based on false witness statements provided by a juvenile, her brother and two of her friends, all of whom were intoxicated. (Id. at 3). Plaintiff was released on bail on August 3, 2007. (Id. at 2). The charges against him were dismissed on August 27, 2007. (Id.)

    Plaintiff, proceeding *pro se*, then instituted the instant action. He brings suit pursuant to 42 U.S.C. § 1983 for the following alleged

constitutional violations: 1) an unlawful arrest in violation of the Fourth and Fourteenth Amendments; 2) an unlawful search of his home in violation of the Fourth and Fourteenth Amendments; 3) a deprivation of liberty without due process of law by a false imprisonment; and 4) a deprivation of liberty without due process of law by use of excessive force. (Id. at 3). Plaintiff seeks compensatory damages, punitive damages and attorney's fees.

Defendants filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The motion has been briefed, bringing the case to its present posture.

**Jurisdiction**

As this case is brought pursuant to 42 U.S.C. § 1983 for constitutional violations, we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Standard of review**

This case is before the court pursuant to defendants' motion to dismiss for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When a 12(b)(6) motion is filed, the sufficiency of the allegations in the complaint is tested. Granting the motion is appropriate if, accepting as true all the facts alleged in the complaint, the plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," or put another way, "nudged [his or her] claims across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Third Circuit interprets Twombly to require the plaintiff to describe "enough facts to raise a reasonable expectation that discovery will reveal evidence of" each necessary element of the claims alleged in the

complaints.  Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556).  Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation."  Id. at 234-35.

In relation to Federal Rule of Civil Procedure 8(a)(2), the complaint need only provide "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'"  Twombly, 550 U.S. at 555 (citation omitted).  "[T]he factual detail in a complaint [cannot be] so undeveloped that it does not provide a defendant the type of notice of claim which is contemplated by Rule 8."  Phillips, 515 F.3d at 232 (citation omitted).  "Rule 8(a)(2) requires a 'showing' rather than a blanket assertion of an entitlement to relief."  Id.

The issue is whether the facts alleged in the complaint, if true, support a claim upon which relief can be granted.  In deciding a 12(b)(6) motion, the court must accept as true all factual allegations in the complaint and give the pleader the benefit of all reasonable inferences that can fairly be drawn therefrom, and view them in the light most favorable to the plaintiff.  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir.1997).  To decide a motion to dismiss, a court generally should consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim.  See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997); Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

**Discussion**

Defendants' motion raises several issues, which we will address *in seriatim*.

### I. Scranton Police Department

Defendants first argue that the Scranton Police Department should be dismissed from this case. Defendants' position is that the Police Department cannot be held liable on a theory of respondeat superior. Rather, the plaintiff must allege and establish that the constitutional deprivation arose from a municipal policy or custom. According to the defendants, plaintiff has not alleged such a policy or custom, and therefore, the Police Department should be dismissed.

In his opposition brief, plaintiff indicates that he does not seek to impose liability upon the Scranton Police Department, but instead, on the individual police officers. (Doc. 28, Plaintiff's Brief at 2). Accordingly, to the extent that plaintiff's amended complaint can be construed to assert a cause of action against the Scranton Police Department, the motion will be granted as unopposed.

### II. The Police Officer Defendants

Defendants next ask the court to dismiss the claims against the individual police officers. First, they argue that the claims against the defendants in their "official capacity" must be dismissed, because suing the police officers in their official capacity is the same as suing the police department. Plaintiff indicates that he seeks to hold the police officer defendants liable in their individual capacities only. (Doc. 28, Plaintiff's Brief at 2). Therefore, this portion of the motion with respect to dismissing them in the official capacities will be granted as unopposed.

4

Next, the defendants raise arguments regarding the reasonableness of the force used.  In this part of their motion, the defendants rely on matters not alleged in the amended complaint, for example, the facts and circumstances that the police were aware of at the time of plaintiff's arrest. (Doc. 24, Defendants' Brief at 6 - 7).  At this stage of the proceedings, it is inappropriate for the court to examine matters outside of the pleadings and to make factual determinations.  This portion of the motion will be denied without prejudice to the defendants raising the issue again at the summary judgment stage.

### III. Qualified Immunity

Finally, the defendants argue that they are shielded from liability based on qualified immunity.  Qualified immunity can serve as a defense to an individual defendant accused of a civil rights violation.  See, Hunter v. Bryant, 502 U.S. 224, 227 (1991).  Qualified immunity does not apply when state officials violate "clearly established statutory or constitutional rights of which a reasonable person would have known."  Wright v. City of Philadelphia, 409 F.3d 595, 699-600 (3d Cir. 2005) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).  Therefore, the court must examine: 1) whether the officials violated a constitutional right and 2) whether that right was clearly established at the time.  Id.

In the instant case, it cannot be determined at this point whether the officials violated a constitutional right and, if so, whether that right was clearly established and that a reasonable person would have known of it. Accordingly, the defendants' qualified immunity argument will be denied at this time without prejudice to it being raised again at an appropriate time.

**Conclusion**

For the reasons set forth above, Scranton Police Department and the individual defendants in their official capacities will be dismissed from the instant action.  The defendants' motion to dismiss will be denied in all other respects.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK CAPLE,<br>          Plaintiff<br><br>     v.<br><br>SCRANTON POLICE<br>UNKNOWN POLICE OFFICERS<br>TO BE NAMED (in their individual<br>and official capacities); ELAINE<br>DELORENZO (in her official and<br>individual capacity); PATRICK<br>GERRITY (in his official and<br>individual capacity); and VINCE<br>UHER (in his official and individual<br>capacity);<br>          Defendants | No. 3:09cv1283<br><br>(Judge Munley) |

## ORDER

**AND NOW**, to wit, this 6th day of May 2010, the defendants' motion to dismiss plaintiff's amended complaint (Doc. 23) is hereby **GRANTED IN PART** and **DENIED IN PART**. It is granted with respect to the defendants in their official capacities and to the extent that the amended complaint can be construed to assert a cause of action against the Scranton Police Department. It is denied in all other respects.

The defendants are directed to file an answer to the amended complaint within twenty (20) days from the date of this order.

                                      **BY THE COURT:**

                                      **s/ James M. Munley**
                                      **JUDGE JAMES M. MUNLEY**
                                      **United States District Court**